*JUDGE KARAS*

# 11 CV 3625

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICK SALUCCI, *individually and on behalf all others similarly situated* | Civil Action No.: _____ |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *et. seq.*** |
| MARK L. NICHTER, MARK L. NICHTER, ESQ., P.C., THE LAW OFFICES OF MARK L. NICHTER and TRANS-CONTINENTAL CREDIT AND COLLECTION CORP., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## INTRODUCTORY ALLEGATIONS

1.    Plaintiff, Rick Salucci, files this Class Action Complaint ("Complaint") seeking redress for himself and others similarly situated on account of pervasive, unlawful practices engaged in by the Defendants in connection with the collection of debts owed by consumers in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.    Upon information and belief, Trans-Continental Credit and Collection Corp. ("Trans-Continental") and The Law Offices of Mark L. Nichter ("Nichter Offices"), under the direction and control of Mark L. Nichter ("Attorney Nichter") and Mark L. Nichter, Esq., P.C. ("Nichter, P.C.")[1], together operate a fraudulent and illegal collection scheme in pursuance of collection of consumer accounts.

3.    The hallmark of the Defendant's scheme is capitalizing upon the least sophisticated consumer's fear of being sued by, among other things, (1) stating the debt was evaluated for referral to legal counsel, (2) referring indiscriminately to "legal action" or "suit" in

---

[1] Attorney Nichter, Nichter P.C. and Nichter Offices are sometimes referred to collectively herein as "Nichter."

communications with the consumer and (3) communicating to consumers from a "law firm" although an attorney neither reviews nor meaningfully participates in collection.

4.      Defendants' communications to consumers are calculated to lead the least sophisticated consumer to believe that suit is imminent, although suit is rarely, if ever, contemplated or authorized.

5.      By participating in this masquerade, Trans-Continental and Nichter repeatedly and continually violate numerous provisions of the FDCPA.

## PARTIES

6.      The Plaintiff, Rick Salucci ("Saducci"), is an adult individual residing in Fishkill, New York.

7.      Salucci is a "consumer", as defined by Section 803 of the FDCPA, 15 U.S.C. § 1692a(3), in that the alleged debt that the defendants sought to collect from him were originally incurred for personal, family or household purposes and, as such, satisfies the definition of a Debt under 15 U.S.C. § 1692a(5).

8.      Attorney Nichter is an attorney licensed to practice law in New York and New Jersey. At all relevant times, Attorney Nichter held himself out as maintaining offices for the practice of law at 44 South Broadway, White Plains, New York. Attorney Nichter resides full-time and maintains additional offices in Pilesgrove, New Jersey.

9.      Nichter P.C. is a New York professional corporation organized for the practice of law and of which Attorney Nichter is believed to be the sole officer and shareholder. At all relevant times, Nichter P.C. maintained and continues to maintain offices at 44 South Broadway, Suite 402, White Plains, New York.

10.     Upon information and belief, Nichter Offices is an assumed name under which

2

Mark L. Nichter and Nichter P.C. operate from time to time.   At all relevant times, Nichter

Offices maintained and continues to maintain offices at 44 South Broadway, Suite 402, White

Plains, New York.

11.    Trans-Continental is a corporation organized under the laws of the State of New

York which has its principal place of business at 44 South Broadway, White Plains, New York.

12.    The Defendants are each, jointly and individually, actively engaged in the

business of collecting debts allegedly owed by consumers through correspondence and telephone

calls.

13.    The Defendants and each of them, are "debt collectors" as defined by Section

803(6) of the FDCPA, 15 U.S.C. § 1692a(6), in that they are each regularly engaged in the

collection of debts allegedly due their clients from consumers.

## JURISDICTION AND VENUE

14.    This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and

28 U.S.C. § 1331.

15.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

16.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since the acts and

transactions that give rise to this action occurred, in substantial part, in this district and since the

Defendants are residents of this district.

## FACTS APPLICABLE TO ALL COUNTS
### The Trans-Continental/Nichter Operation

17.    Upon information and belief, at all times herein relevant, Nichter and Trans-

Continental engaged in and continue to engage in the practice of disseminating communications

to consumers in connection with the collection of Debts.

18.   Among other things, the Trans-Continental/Nichter operation consists of:

- Shared offices

- Shared computers

- Shared printers

- Shared "collectors"

- Shared clerical employees

- Shared bookkeeping staff

- Shared phone system

19.   Upon information and belief, at all times herein relevant, Nichter engaged in and continues to engage in the unlawful practice of allowing Trans-Continental to continually disseminate collection communications to consumers which state, either expressly or by implication, that Nichter is involved in the collection effort.  In order to facilitate this ongoing practice, "accounts" forwarded to Trans-Continental by its clients are assigned or transferred to Nichter via a computerized process and without any personal involvement or knowledge on the part of Nichter.

20.   Defendants also use a computer-driven process to send collection letters, by which process variable information (such as the name of the creditor, the alleged amount due, and the name of the consumer) is inserted into pre-defined fields by computer-driven document-assembly software.

21.   The information fed into the pre-defined fields is derived from an electronic transfer means and may be accomplished without any personal or manual participation or review by any of the Defendants.

22.   Templates for both Nichter and Trans-Continental letterhead reside within Trans-

4

Continental's computer system and may be accessed for use by collectors who are jointly employed by Trans-Continental and Nichter.

23.     At all times herein relevant, neither Attorney Nichter nor any attorney associated with Nichter regularly reviews the files of consumers to whom Trans-Continental or Nichter transmit debt collection communications.

24.     Upon information and belief, at all times herein relevant, neither Attorney Nichter nor any attorney associated with Nichter regularly reviews any of Trans-Continental's or Nichter's correspondence prior to its transmittal to consumers.

## The Letters

25.     On or about July 31, 2010, Trans-Continental caused a letter to be generated on TCC letterhead and transmitted to Salucci (the "TCC Letter 1")[2], a copy of which is annexed hereto and made a part hereof as Exhibit A, to collect a consumer Debt for medical services allegedly due and owing by Salucci to White Plains Hospital.

26.     On or about August 17, 2010, Trans-Continental caused a second letter to be generated on TCC letterhead and transmitted Salucci (the "TCC Letter 2"), and, together with "TCC Letter 1," the "TCC Letters"), a copy of which is annexed hereto and made a part hereof as Exhibit B, informing Salucci that his alleged Debt was being evaluated for legal action and might be placed with one of TCC's "associated" "law firms" for legal action.

27.     TCC Letter 2 includes a prominently displayed "WARNING" and false warns customers that failure to pay will cost them time and money.

28.     Further, on or about August 31, 2010, joint Nichter/Trans-Continental employee caused a third letter to be generated on Nichter letterhead and transmitted to Salucci ("Nichter

---

[2] Portions of the Letter have been redacted for privacy considerations.

Letter"), a copy of which is annexed hereto and made a part hereof as Exhibit C, demanding payment of the alleged Debt.

29.     At no time has White Plains Hospital retained attorney Nichter to collect the Debt.

30.     The TCC Letters and Nichter Letter are example of form letters, substantially identical to thousands of letters sent by the Defendants to consumers across the nation (the "Letters").

31.     Upon information and belief, all of the Letters are generated and prepared for mailing by collectors jointly employed by Trans-Continental and Nichter who, using computer hardware and software owned, maintained and operated by Trans-Continental, electronically select either Nichter or Trans-Continental as the originator.

32.     Nichter Letter is printed and mailed with the knowledge and consent of Nichter but without any meaningful review or involvement by Nichter.

33.     Upon information and belief, Trans-Continental and Nichter routinely transmit communications to consumers in the form of each of the Letters.

## CLASS ALLEGATIONS

34.     Plaintiff brings this case as a class action pursuant to F.R.C.P. Rule 23 on behalf of himself and all others similarly situated. The proposed Class is defined as:

> **Class A**
> **All consumers to whom Defendants sent, within one year prior to the filing of this action, a collection letter in a form materially identical to or substantially similar to the TCC Letter 2 and which was not returned as undeliverable.**
>
> > **Sub-Class A1**
> > **All consumers to whom Defendants sent TCC Letter 2 less than 30 days after transmitting TCC Letter 1 and which were not returned as undeliverable**

**Class B**
**All consumers to whom Defendants sent, within one year prior to the filing of this action, a collection letter in a form materially identical to or substantially similar to the Nichter Letter and which was not returned as undeliverable.**

35.     Since the Letters are routinely used form letters, the members of the Classes are so numerous that joinder of all members is impractical.

36.     The exact numbers and identities of class members are unknown at this time and can only be ascertained through appropriate discovery. Notwithstanding the foregoing, Plaintiff believes that there are thousands of consumers who are members of the Class.

37.     Identification of the Class members is a matter capable of ministerial determination from the records of Defendants. Bringing this action as a class action will fairly insure the adequate representation of all members of the Class.

### The Class Claims

38.     Plaintiff's claims are typical of the claims of the members of the Classes since all members of the Classes received substantially the same Letters, sustained the same injury and incurred the same damages.

39.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members. The questions of law and fact common to the Classes encompass whether, through their use of the Letters, the Defendants engaged in conduct which violates Sections 807 and 808 of the FDCPA, 15 U.S.C. §§ 1692e & 1692f. Among others, the following common questions of law and fact are ripe for adjudication herein:

- Did Trans-Continental and/or Nichter violate 15 U.S.C. § 1692e(2) by falsely representing the character or legal status of the debt?

- Did Trans-Continental and/or Nichter violate 15 U.S.C. §§1692e(3) by implying that there was a meaningful review of accounts by an attorney?

- Did Trans-Continental and/or Nichter violate 15 U.S.C. § 1692e(5) by threatening to take action not intended to be taken?

- Did Trans-Continental and/or Nichter violate 15 U.S.C. §1692e(10) by engaging in the deceptive practice of using false representations and deceptive conduct to collect consumer debts through the use of the Letters?

- Did Trans-Continental and/or Nichter violate 15 U.S.C. §1692e(14) by falsely using a name other than that of the debt collection agency?

- Did Trans-Continental violate 15 U.S.C. § 1692f(8) by using Nichter's business name?

- Do the Letters violate the FDCPA as seen from the perspective of the "least sophisticated consumer?"

- Is Trans-Continental engaging in the practice of law without a license?

- Did Trans-Continental and/or Nichter engage in a scheme which enabled Trans-Continental to present itself as a law firm in violation of 15 U.S.C. §§ 1692e(3) & 1692e(10)?

- Did Trans-Continental and/or Nichter violate 15 U.S.C. § 1692g(b) by conducting collection activities and communication during the 30-day period following the mailing of the initial validation notice pursuant to 15 U.S.C. § 1692g(a)?

- Did Trans-Continental and/or Nichter violate 15 U.S.C. § 1692g(b) by demanding payment of the debt during the 30-day period following the mailing of the initial validation notice pursuant to 15 U.S.C. § 1692g(a)?

## Class Representation

40.     Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of the Defendants' unlawful and wrongful conduct. All of the class members' allegations are based on the same facts and legal theories.

41.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims.

## Benefits to the Class

42.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy under F.R.C.P. Rule 23(b)(3). Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

43.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and members of the class.

44.     If a class action is not prosecuted, most class members would find the cost of litigating these claims to be prohibitive and would therefore have no effective remedy at law. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

45.     Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the

litigants and promotes consistency and efficiency of adjudication.

**Claims based on TCC Letter 2**

**COUNT I (TCC Letter 2)**

**Violations of FDCPA Section 807(2), 15 U.S.C. § 1692e(2),
By Threatening Action Not Intended To Be Taken**

46.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 45 of this Complaint as if fully set forth herein at length.

47.     The TCC Letter 2 falsely suggest to consumer recipients that litigation is

imminent and that Defendants have the present authority and intention to file suit when in truth

suit authority rests exclusively with the creditor.

48.     By virtue of the foregoing, the Defendants violated FDCPA Section 807(2), 15

U.S.C. §1692e(2), which provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation
> or means in connection with the collection of any debt. Without limiting the
> general application of the foregoing, the following conduct is a violation of this
> section . . .**
>
> **(2) The false representation of—(A) the character, amount, or legal status of
> any debt...**

49.     Accordingly, Plaintiffs are entitled to recover damages as prayed for herein.

**COUNT II (TCC Letter 2)**

**Violations of FDCPA Section 807(5), 15 U.S.C. § 1692e(5),
By Threatening Action Not Intended To Be Taken**

50.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 45 of this Complaint as if fully set forth herein at length.

51.     The Defendants did not have authorization from the creditor to commence suit

against Salucci when the TCC Letter 2 was sent.

10

52.     TCC Letter 2 is routinely sent to consumers at a time when the Defendants do not have authorization to sue.

53.     Upon information and belief the Defendants rarely file suit to collect outstanding medical debts.

54.     TCC Letter 2 contains language which constitutes a threat of legal action or which is likely to be perceived by the "least sophisticated consumer" as threatening legal action.

55.     By virtue of the foregoing, the Defendants violated FDCPA Section 807(5), 15 U.S.C. §1692e(5), which provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

56.     Accordingly, Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT III (TCC Letter 2)

### Violations of FDCPA Section 807(10), 15 U.S.C. §1692e(10), By Use of Deception to Collect a Debt

57.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint as if fully set forth herein at length.

58.     FDCPA Section 807(10), 15 U.S.C. 1692e(10), provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

11

59.     The acts and practices complained in this Complaint with regard to TCC Letter 2 constitute the use of false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. §1692e(10).

60.     Accordingly, Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT IV (TCC Letter 2)

### Violations of FDCPA Section 809(b), 15 U.S.C. 1692g(b), By Overshadowing the Consumer's Rights

61.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint as if fully set forth herein at length.

62.     FDCPA Section 809(b), 15 U.S.C. § 1692g(b), provides in relevant part:

> **.....Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) ... Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

63.     Notwithstanding the inclusion of language required by FDCPA, 15 U.S.C. § 1692g(a), in TCC Letter 1, the content of the TCC Letter 2 overshadows and is inconsistent with the Consumer's rights to dispute the debt.

64.     Accordingly, Plaintiffs are entitled to recover damages as prayed for herein.

## Claims based on Nichter Letter

## COUNT V (Nichter Letter)

### Violations of FDCPA Section 807(3), 15 U.S.C. § 1692e(3), By Deceptively Implying Attorney Involvement

65.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint as if fully set forth herein at length.

66.     The Nichter Letter purports to be from an attorney or to have been meaningfully

reviewed by an attorney when in fact no attorney prepared or reviewed them.

67.     By virtue of the foregoing, the Defendants violated FDCPA Section 807(3), 15

U.S.C. §1692e(3), which provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> **(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.**

68.     Accordingly, Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT VI (Nichter Letter)

### Violations of FDCPA Section 807(5), 15 U.S.C. § 1692e(5), By Threatening Action Not Intended To Be Taken

69.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint as if fully set forth herein at length.

70.     The Defendants did not have authorization from the creditor to commence suit against Salucci when the Nichter Letter was sent.

71.     Nichter Letter is routinely sent to Consumers at a time when the Defendants do not have authorization to sue.

72.     Upon information and belief the Defendants rarely file suit to collect outstanding medical debts.

73.     Nichter Letter contains language which constitutes a threat of legal action or which is likely to be perceived by the "least sophisticated consumer" as threatening legal action.

74.     By virtue of the foregoing, the Defendants violated FDCPA Section 807(5), 15 U.S.C. §1692e(5), which provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

75.    Accordingly, Plaintiffs are entitled to recover damages as prayed for herein.

### COUNT VII (Nichter Letter)

### Violations of FDCPA Section 807(10), 15 U.S.C. §1692e(10), By Use of Deception to Collect a Debt

76.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint as if fully set forth herein at length.

77.    Nichter Letter contains language which provides that Nichter was "informed" by Trans-Continental about the Plaintiffs' alleged Debt when in fact Nichter Letter was generated by a joint Trans-Continental/Nichter computer system by virtue of which Nichter had knowledge of the subject Debt.

78.    FDCPA Section 807(10), 15 U.S.C. 1692e(10), provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

79.    Nichter's misrepresentation that it was informed about Plaintiff's Debt constitutes the use of false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. §1692e(10).

80.    Accordingly, Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT VIII (Nichter Letter)

### Violations FDCPA Section 807(14), 15 U.S.C. § 1692e(14), By Using a Name other than that of The Debt Collection Agency

81.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint as if fully set forth herein at length.

82.    With Nichter's authorization and consent, Trans-Continental transmitted Nichter Letter to consumers in Nichter's name or using Nichter's name.

83.    By virtue of the foregoing, Trans-Continental and Nichter, jointly and individually, engaged in deceptive practices in violation of FDCPA Section 807(14), 15 U.S.C. §1692e(14), which provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> **(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.**

84.    Accordingly, Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT IX (Nichter Letter)

### Violations of FDCPA Section 808(8), 15 U.S.C. 1692f(8), By Using Unfair or Unconscionable Means To Collect a Debt

85.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint as if fully set forth herein at length.

86.    The Defendants engaged in the practice of mailing Nichter Letter to consumers which identify Nichter as the sender when, in fact, Nichter does not participate in any meaningful manner in the preparation or transmittal of the Nichter Letter.

87.    By virtue of the foregoing, the Defendants used unfair and unconscionable means

to collect or attempt to collect consumer debts in violation of FDCPA Section 807(10), 15 U.S.C.

§ 1692f(8), which provides in relevant part:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section... (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.**

88.    Accordingly, Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT X (Nichter Letter)

### Violations of FDCPA Section 809(b), 15 U.S.C. 1692g(b), By Overshadowing the Consumer's Rights

89.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 45 of this Complaint as if fully set forth herein at length.

90.    FDCPA Section 809(b), 15 U.S.C. § 1692g(b), provides in relevant part:

> **.....Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) ... Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

91.    Notwithstanding the inclusion of language required by FDCPA, 15 U.S.C. §

1692g(a), in TCC Letter 1, the content of Nichter Letter overshadows and is inconsistent with the

Consumer's rights to dispute the debt.

92.    Accordingly, Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT XI (Nichter Letter)

### Violations of FDCPA Section 809(b), 15 U.S.C. 1692g(b), By Overshadowing the Consumer's Rights

93.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint as if fully set forth herein at length.

94.     FDCPA Section 809(b), 15 U.S.C. § 1692g(b), provides in relevant part:

> **…..Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) … Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

95.     Notwithstanding the inclusion of language required by FDCPA, 15 U.S.C. § 1692g(a), the content of Nichter Letter overshadows and is inconsistent with the Consumer's rights to dispute the debt by virtue of demanding payment of the Debt within the same 30-day period.

96.     Accordingly, Plaintiffs are entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the nationwide Class against the Defendants, each individually and jointly and severally as joint venturers, and award damages as follows:

1.     Statutory damages provided under the FDCPA, 15 U.S.C. § 1692k;

2.     Statutory damages provided under the FDCPA, 15 U.S.C. § 1692j(b).

3.     Attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692(a)(3);

4.      A declaration that the Letters violate the FDCPA;

5.      Any other and further relief this Court deems just and appropriate.

6.      Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 24, 2011

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Attorneys for Plaintiff